FILED

2009 Oct-26  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **COUNTRY CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE No.  6:08-cv-1447-SLB** |
| | ) | |
| **PEOPLES TRUST BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on the parties' Joint Motion for Release of Interpled Funds.  (Doc. 31.)  For the reasons set forth below, the Joint Motion for Release of Interpled Funds, (doc. 31), is due to be granted.

The court finds the following facts are undisputed between the remaining parties:

1.  Plaintiff, Country Casualty Insurance Company, filed this action, asking the court to "determine to whom payments [under its policy no. C01K7057232] should be made." (Doc. 1 ¶¶ 8, 29.)

2.  Plaintiff issued a homeowners' policy to Anthony T. Weeks and Tonya Kay Weeks on their home in Hackleburg, Alabama.   (*Id.* ¶ 8.)

3.   The policy named Northwest Community Credit Union and its successor as mortgagee on the Hackleburg property.  (*Id.* ¶ 13.)  Defendant, PeoplesTrust Bank, is the successor to Northwest Community Credit Union.  (*Id.*)

4.  The Hackleburg house was damaged by fire on or about December 16, 2007.  (*Id*. ¶ 9; doc. 30 ¶ 2.)

5.  Prior to the filing of this action, plaintiff paid $30,000 under the policy's provision for "actual cash value" benefits.  (Doc.1 ¶ 14; doc. 31 ¶ 2.)

6.  On October 30, 2008, plaintiff deposited with the court "the remaining balance of the actual cash value benefit owing under the policy," which was $23,587.91.  (Doc. 22, doc. 31 ¶ 2.)

7.  The court entered a Declaratory Judgment by Default against the Weekses and declared that they were not entitled to any proceeds under the policy at issue.  (Doc. 30.)

8.  Because the court has declared that the Weekses are not entitled to benefits under the policy at issue, plaintiff and defendant ask this court to release the interpled funds plus any interest to defendant.

9.  Plaintiff and defendant ask the court to retain jurisdiction over this action until they have resolved all issues regarding any "additional replacement cost" benefits that may or may not be available to defendant under the policy.

As no issues remain for the court to resolve regarding payment of the interpled funds, the parties Joint Motion for Release of Interpled Funds will be granted and such funds will be released to defendant.  The parties' request that this court retain jurisdiction to resolve any disputes that may arise with regard to defendant's claim for "additional replacement cost"

2

benefits and that the court declare that the plaintiff will not enforce its "one-year rebuild requirement" against defendant will be denied.

In its Complaint for Declaratory Relief, plaintiff asked this court to declare "to whom said payments should be made." (Doc. 1 ¶ 29.) It did not ask the court to determine how much to pay and under what circumstances to pay. The court declines to determine any issue beyond the scope of the Complaint.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that the parties' Joint Motion for Release of Interpled Funds, (doc. 31), is due to be granted. An Order granting the Joint Motion, declaring defendant as the proper party to be paid the proceeds of the insurance policy at issue, and directing the Clerk of the Court to pay the interpled funds to defendant will be entered contemporaneously with this Memorandum Opinion. The court will not retain jurisdiction to determine other disputed issues among the parties; therefore, this case will be dismissed with prejudice.

**DONE**, this the 23rd day of October, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

3